LUCY A. RAY *vs.* JOSEPH V. SMITH.

In an action for breach of promise of marriage, evidence of the acts and conversation of the parties towards each other during a previous intimacy, which was broken off before the mutual promises relied on, is admissible.

In an action for breach of promise of marriage, the plaintiff introduced evidence that while the intimacy between the parties was broken off, and before the mutual promises relied on, the defendant expressed satisfaction that she had refused to walk with another man, and said that man "could not get her away as long as he had a claim on her." *Held*, that the evidence was admissible.

In an action for breach of promise of marriage, the plaintiff testified that, after the intimacy between the parties was broken off, she boarded at the same house as the defendant and another woman whom he married; and never knew or heard of any intimacy between them before the marriage. *Held*, that evidence that during that time the defendant was publicly attentive to his present wife, with the plaintiff's knowledge, was immaterial, and therefore inadmissible to contradict the plaintiff.

The admission, after the close of the defendant's evidence, of evidence which does not tend to rebut new matter introduced in defence, is within the discretion of the presiding judge, and no ground of exception, even if he does not assign any reason for its admission.

Before the *St.* of 1857, *c.* 305, took effect, the wife of a party to a suit was not admissible as a witness.

ACTION OF CONTRACT for breach of promise of marriage. The answer denied all the allegations in the declaration. Trial in this court at October term 1856 before *Merrick*, J., who allowed this bill of exceptions :

" The plaintiff's counsel, in opening the case, stated that in the spring of 1852 intimacies commenced between the plaintiff and the defendant, which continued to February 1853, when, in consequence of improper proposals made by the defendant to the plaintiff, the plaintiff rejected the further addresses of the defendant, and all intimacy was broken off between them ; but that renewed attentions occurred, and renewed mutual promises, upon which the plaintiff relied to maintain this action, were afterwards made by them between the 1st and 15th of Oc tober 1853.

. " The plaintiff was introduced as a witness, and allowed by the court to detail what occurred during the intimacy existing between the parties previously to the alleged rejection of the defendant by the plaintiff ; and the fact that it was broken off

and what she said to him at the time ; and that she returned his miniature, which he had previously given her.

"The plaintiff called Timothy Ricker, who was allowed by the court, in answer to questions proposed to him by the plaintiff's counsel, to state that one Sunday evening in the spring of 1853, after the intimacy was broken off, he called upon the plaintiff when the defendant was not present, and invited her to take a walk with him, which invitation she declined ; that some time in the week following, in a conversation between the witness and the defendant, the defendant, referring to this invitation, asked the witness what he tried to get Lucy to walk with him for, and told the witness that Lucy (the plaintiff) had bluffed him (the witness) off, and that he could not get the girl away as long as he (the defendant) had a claim on her.

"The plaintiff testified that, in the latter part of the winter or spring of 1854, (after the defendant first promised to marry her,) and also after all attentions to her on his part had ceased, she went to board with the mother of Susan Hemenway (whom the defendant afterwards married) where the defendant also boarded, and that she there remained until after the defendant's marriage, which took place on the 17th of October 1855. The plaintiff also testified that she never knew or heard of any attentions or intimacies between the defendant and his wife, prior to their marriage.

"To contradict this, the defendant offered to show, that after the alleged intimacies were broken off between the plaintiff and the defendant, and subsequently to the time of the alleged breach of the alleged promise of marriage, the defendant was publicly attentive to his present wife with the plaintiff's knowledge ; which testimony was, upon the plaintiff's objection, rejected as immaterial.

"On the cross-examination of the defendant, questions were asked him as to intimacies, walks and visits supposed to have taken place between the parties, some of which were, and some of which were not, introduced by the plaintiff in putting in her case ; and all of which intimacies, as well as the existence of any engagement at any time, the defendant denied. After the

defendant had closed his defence, the plaintiff was introduced, and allowed by the court, for the purpose of contradicting the defendant upon the matters drawn out in cross-examination, to testify to certain transactions between the parties, which tended to prove the issue denied in the answer to the declaration.

" The defendant offered his wife as a witness, to facts material to the issue, and which occurred before her marriage. Bu the court refused to admit her to testify.

" To all which rulings, (the verdict being for the plaintiff,) the defendant excepts."

*T. H. Sweetser*, for the defendant. 1. What occurred and was said between the parties at a time anterior to the promises and attentions relied upon by the plaintiff in this action was immaterial, and tended to prejudice the jury. 1 Greenl. Ev §§ 52, 448. *Odiorne* v. *Winkley*, 2 Gallis. 53.

2. The testimony of Ricker should have been rejected, fo⸱ the same reasons.

3. Evidence of the defendant's attentions to another woman, subsequently to the alleged promises, in the presence and with the knowledge of the plaintiff, should have been admitted. Her remaining in the same boarding-house under such circumstances tended to show that the alleged promises were never made to her. And the evidence tended to contradict the plaintiff; and also to show that her feelings were never much enlisted, and thus to affect the measure of damages, if any. Sedgwick on Damages, (2d ed.) 368, 369.

4. After the close of the defendant's case, the plaintiff could only introduce evidence to rebut new matter shown in defence, except by the discretion of the court, and for reasons assigned. Here no such appeal was made, but the evidence was admitted as matter of right.

5. All objections against the admission of the testimony of the defendant's wife have been removed by the recent changes in the statutes.

*B. F. Butler*, for the plaintiff.

BY THE COURT. 1. The testimony of the existence and breaking off of a previous intimacy was rightly admitted. The

whole relation of the parties was admissible, including the whole course of the courtship.

2. Ricker's testimony was admissible to prove the feelings of the defendant, and that he was in the receipt of information as to the plaintiff's acts, and had not abandoned all intention of prosecuting his addresses.

3. The evidence introduced by the defendant, that the plaintiff had the means of knowing his attentions to another woman, related to a time when the intimacy between the plaintiff and the defendant had been entirely broken off, and was immaterial to the issue, and therefore rightly rejected.

4. The order of proof was within the discretion of the presiding judge, and not a subject of exception.

5. The wife of the defendant was not a competent witness under the statutes in force at the time of the trial. *Barber* v. *Goddard, ante,* 71. *Exceptions overruled.*